IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASSAN NALLEY,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-0590 |
| v. | : | (Judge Caputo) |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al.,* | : | |
| Respondents. | : | |

# M E M O R A N D U M

## I.   Background

Petitioner, Hassan Nalley, an inmate incarcerated at the Mahanoy State Correctional Institution in Frackville, Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed under the provisions of 28 U.S.C. § 2254.  Petitioner claims that the Pennsylvania Board of Probation and Parole ("PBPP") applied amended standards to his parole application, in contravention of the Ex Post Facto Clause of the United States Constitution.  Respondents argue, *inter alia*, that the petition should be dismissed for failure to exhaust state court remedies.  The parties have briefed the issues, and the matter is ripe for disposition.  For the reasons set forth below, the petition will be denied.

## II.   Discussion

### A.   Exhaustion of State Court Remedies

Petitioner filed the present petition pursuant to the provisions of 28 U.S.C. § 2254. Under § 2254 (b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears

that—(A) the applicant has exhausted the remedies available in the courts of the State." (emphasis added). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Doctor v. Walters*, 96 F.3d 675 (3d Cir. 1996). A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

In their answer to the habeas petition, Respondents allege that Petitioner has failed to exhaust available state court remedies for his parole claim.[1] (Doc. 13 at ¶ 12.) In *Cimaszewski v. Bd. of Prob. & Parole*, 868 A.2d 416, 427 (Pa. 2005) the Pennsylvania Supreme Court held that mandamus relief is available to Pennsylvania state prisoners who challenge the constitutionality of parole denials based upon a claim of ex post facto violation. *See also DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005) (holding mandamus is not available for Pennsylvania state prisoners challenging denial of parole on constitutional grounds other than the ex post facto clause). Petitioner does not dispute this claim, nor does Petitioner present any evidence to demonstrate exhaustion, and he does not present any explanation for his failure to exhaust state court remedies. Consequently, after review of the record in this case, I conclude that Petitioner has failed to seek available review of his issues by the Pennsylvania Courts, and consequently I must decline the

---

[1] Since Petitioner did not file a traverse, Respondents' allegation of non-exhaustion is accepted as true. *See* 28 U.S.C. § 2248.

review sought.  To do otherwise would frustrate the intent of the statutory scheme.  An appropriate order follows.


Dated: August 22, 2005			/s/ A. Richard Caputo
					A. RICHARD CAPUTO
					United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASSAN NALLEY,** | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:CV-05-0590** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE,** *et al.,* | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW, THIS 22ⁿᵈ DAY OF AUGUST, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for failure to exhaust state remedies, without prejudice to any rights the Petitioner may have to seek further review in the Pennsylvania Courts.

2. The Clerk of Court shall close the file.

3. There is no basis for the issuance of a certificate of appealability.

                                           /s/ A. Richard Caputo
                                          A. RICHARD CAPUTO
                                          United States District Judge